Tina Wolfson (SBN 174806)
*twolfson@ahdootwolfson.com*
Robert Ahdoot (SBN 172098)
*rahdoot@ahdootwolfson.com*
Theodore W. Maya (SBN 223242)
*tmaya@ahdootwolfson.com*
Bradley K. King (SBN 274399)
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.A., a minor, by and through his mother and guardian, Maritza A., individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>        v.<br><br>TIKTOK, INC., a California corporation, and BYTEDANCE, INC., a Delaware corporation,<br><br>                Defendants. | Case No. 5:20-cv-03294<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff S.A., a minor, by and through his mother and guardian, Maritza A. ("Plaintiff"), on behalf of himself and other similarly-situated individuals, brings this Class Action Complaint against Defendants TikTok, Inc. ("TikTok"), both individually and as a successor-in-interest to Musical.ly, Inc. ("musical.ly"), and ByteDance, Inc. ("ByteDance") (collectively, "TikTok"), and alleges as follows:

## INTRODUCTION

1.    Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of TikTok in collecting, storing, and using Plaintiff's and other similarly-situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "biometrics") without informed written consent, in direct violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA").

2.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.    In recognition of these concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides *inter alia* that a private entity like TikTok may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored, *see* 740 ILCS 14/5(b); (2) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and

---

[1]    A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA and "face geometry," among others.
[2]    "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier used to identify an individual.

used, *see id.*; (3) receives a written release from the person for the collection of his or her biometric identifiers or information, *see id.*; and (4) publishes publically available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4.     In direct violation of each of the foregoing provisions of § 15(a) and § 15(b) of BIPA, TikTok is actively collecting, storing, and using — without providing notice, obtaining informed written consent, or publishing data retention policies — the biometrics of millions of unwitting individuals who use the TikTok app.

5.     The TikTok App is one of the most popular social media networking apps in the United States.  It allows users to create, view, and share three to fifteen-second videos of dancing, lip-syncing, and other forms of self-expression, as well as short looping videos of three to sixty seconds.

6.     The TikTok App's playful features rely on the undisclosed use of its users' private, biometric information.  The App scans a user's facial geometry before running an algorithm to determine a user's age, and uses facial scans to allow users to superimpose animated facial filters onto moving faces in videos on the App.

7.     TikTok fails to inform the App's users that their biometric data is being collected, captured, received, obtained, stored, and/or used by the App.

8.     TikTok similarly fails to disclose what it does with that biometric data, who has access to that data, and whether, where, and for how long that data is stored.

## PARTIES

9.     Plaintiff S.A. is a minor and a resident and citizen of Illinois.  S.A. brings this action through his mother and guardian, Maritza A., also a resident of Illinois.

10.     S.A. has been a registered user of the TikTok App since at least 2019 and, in that time, has uploaded numerous videos to the App and used its facial filters on his own image in that process.

11.     Defendant TikTok, Inc. is, and at all relevant times was, a California corporation with its principal place of business in Culver City, California.  Defendant TikTok, Inc. also maintains offices in Palo Alto and Mountain View, California.

12.     TikTok, Inc. is sued in its individual capacity and as the successor-in-interest to Musical.ly, Inc., a California Corporation formerly headquartered in Palo Alto, California.

13.     Defendant ByteDance, Inc. is, and at all relevant times was, a Delaware corporation with its principal place of business in Palo Alto, California.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  The amount in controversy exceeds $5 million exclusive of interest and costs.  Class members and TikTok are citizens of different states. There are more than 100 putative Class members.

15.     This Court has personal jurisdiction over all Defendants because their principal places of business are in California; Defendant TikTok, Inc. is incorporated in California; and the allegations in this Complaint arise from Defendants' misconduct occurring within this State.

16.     Venue is proper under 28 U.S.C. § 1391(b)(1) & (2) because TikTok resides in this District, Defendant ByteDance, Inc.'s principal place of business is in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

**I.      Biometric Technology Implicates Consumer Privacy Concerns.**

17.     "Biometrics" refers to unique physical characteristics used to identify an individual.  One of the most prevalent uses of biometrics is in facial recognition technology, which works by scanning a human face or an image thereof, extracting facial feature data based on specific "biometric identifiers" (*i.e.*, details about the face's geometry as determined by facial points and contours), and comparing the resulting "face template" (or "faceprint") against the face templates stored in a "face template database." If a database match is found, an individual is identified.

18.     The use of facial recognition technology in the commercial context presents numerous privacy concerns.   During a 2012 hearing before the United States Senate Subcommittee on Privacy, Technology, and the Law, U.S. Senator Al Franken stated that "there is nothing inherently right or wrong with [facial recognition technology, but] if we do not stop and carefully consider the way we use [it], it may also be abused in ways that could threaten basic aspects of our privacy and civil liberties."[3]   Senator Franken noted, for example, that facial recognition technology could be "abused to not only identify protesters at political events and rallies, but to target them for selective jailing and prosecution."[4]

19.     The Federal Trade Commission ("FTC") has raised similar concerns, and recently released a "Best Practices" guide for companies using facial recognition technology.[5] In the guide, the Commission underscores the importance of companies' obtaining affirmative consent from consumers before extracting and collecting their biometric identifiers and biometric information from digital photographs.

20.     As alleged further below, TikTok failed to obtain consent from anyone when it introduced its facial recognition technology.

## II.     Illinois's Biometric Information Privacy Act

21.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House

---

[3]     *What Facial Recognition Technology Means for Privacy and Civil Liberties: Hearing Before the Subcomm. on Privacy, Tech. & the Law of the S. Comm. on the Judiciary*, 112th Cong. 1 (2012), *available at* https://www.judiciary.senate.gov/imo/media/doc/12-7-8FrankenStatement.pdf (last accessed May 13, 2020).
[4]     *Id.*
[5]     *Facing Facts: Best Practices for Common Uses of Facial Recognition Technologies*, Federal Trade Commission (Oct. 2012), *available at* http://www.ftc.gov/sites/default/files/documents/reports/facing-facts-best-practices-common-uses-facial-recognition-technologies/121022facialtechrpt.pdf (last accessed May 13, 2020).

CLASS ACTION COMPLAINT – Case No. 5:20-cv-03294

Transcript, 2008 Reg. Sess. No. 276. BIPA makes it unlawful for a company to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier[6] or biometric information, unless it first:

> (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;
>
> (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and
>
> (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15 (b).

22.     Section 15(a) of BIPA also provides:

> A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

23.     As alleged below, TikTok's practices of collecting, storing, and using its users' biometric identifiers and information derived from videos uploaded in Illinois without informed written consent violate all three prongs of § 15(b) of BIPA.  TikTok's failure to provide a publicly available written policy regarding its schedule and guidelines for the

---

[6]     BIPA's definition of "biometric identifier" expressly includes information collected about the geometry of the face (*i.e.*, facial data obtained through facial recognition technology). *See* 740 ILCS 14/10.

retention and permanent destruction of individuals' biometric information also violates § 15(a) of BIPA.

### III.   TikTok Violates Illinois's Biometric Information Privacy Act.

24.   ByteDance Ltd., the parent of ByteDance, Inc., is a Beijing-based company founded in 2012.

25.   ByteDance Ltd. first launched the TikTok App (originally called "A.me" in China but now called "Douyin") for the China market in September 2016.  In 2016, the App was launched for iOS and Android in markets outside of China.

26.   In November 2017, TikTok's parent company, ByteDance, purchased musical.ly, a startup based in Shanghai with an office in Santa Monica, California.

27.   Musical.ly was a social media video platform (the "musical.ly App") that, like the TikTok App, allowed users to create short lip-sync and comedy videos.  The musical.ly App was first launched in 2014 and, like the TikTok App, used facial scans to allow users to superimpose animated facial filters onto the moving faces of video subjects.

28.   The TikTok App has become one of the world's fastest-growing social media platforms and enjoys a massive U.S. audience.  It has been downloaded more than 1.3 billion times worldwide and more than 120 million times in the United States.  The App is the most downloaded non-game app in the world, and often outranks competitors such as Facebook, Snapchat, and Instagram.

29.   "About 60% of TikTok's 26.5 million monthly active users in the United States are between the ages of 16 and 24."  Greg Roumeliotis, et al., *U.S. opens national security investigation into TikTok*, Reuters (Nov. 1, 2019), *available at* <https://www.reuters.com/article/us-tiktok-cfius-exclusive/exclusive-u-s-opens-national-security-investigation-into-tiktok-sources-idUSKBN1XB4IL> (last accessed May 13, 2020).

30.   The TikTok App utilizes an artificial intelligence tool in the App that automatically scans the faces of individuals appearing in videos posted to the App, which estimates the subjects' ages. *See, e.g.*, Georgia Wells Yoree Koh, *TikTok Wants to Grow Up,*

*but Finds it Tough to Keep Kids Out*, Wall St. Journal (Feb. 16, 2020), *available at* <https://www.wsj.com/articles/tiktok-wants-to-grow-up-but-finds-it-tough-to-keep-kids-out-11581858006> (last accessed May 13, 2020).

31.    The TikTok App, like the musical.ly App before it, features a variety of face filters that users can superimpose onto a subject's moving face, and which allow for editing of facial features.

32.    Both of these tools work by scanning the biologically unique facial geometry of individuals appearing in videos posted to the TikTok App.

33.    Upon information and belief, TikTok, Inc. shares its users' private information, including in at least some cases biometric information, with other members of its corporate family during the Class period, including Defendant ByteDance, Inc., and with its advertising partners. *See, e.g.*, TikTok Privacy Policy (as of May 13, 2020), *available at* <https://www.tiktok.com/legal/privacy-policy?lang=en> (last accessed May 13, 2020) ("We may share your information with a parent, subsidiary, or other affiliate of our corporate group."); *id.* ("We share . . . personal information . . . with service providers and business partners . . . for business purposes, including research, . . . administering contests and special offers, . . . email deployment, [and] advertising.").

34.    TikTok never informs its users that it collects, captures, receives, obtains, stores, shares or uses their biometric information.  Users never consent to such use.

35.    TikTok's use of Illinois users' face scans violates all three prongs of Section 15(b) of BIPA.

36.    Further, TikTok never informs users of its app of the purposes or length of time for which their face scans or other biometric information and identifiers are collected, captured, received, otherwise obtained, stored, and/or used.

37.    TikTok also violates Section 15(a) of BIPA, by failing to provide users with any information regarding retention of biometric information or guidelines for the destruction of such information.

## CLASS ACTION ALLEGATIONS

38.    Plaintiff brings this action in his individual capacity and as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a proposed Class defined as follows:

> All individuals who had their biometric identifiers, including scans of face geometry, collected, captured, received, or otherwise obtained by TikTok from videos uploaded within the state of Illinois.

39.    Excluded from the Class are TikTok, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of TikTok. Plaintiff reserves the right to expand, limit, modify, or amend the Class and definitions, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

40.    The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

41.    **Numerosity**. Although the exact number of Class members is uncertain, and can only be ascertained through appropriate discovery, the number is great enough such that joinder is impracticable, believed to amount to millions of persons. The disposition of the claims of these Class members in a single action will provide substantial benefits to all parties and the Court. Information concerning the exact size of the putative class is within the possession of TikTok. The parties will be able to identify each member of the Class after TikTok's document production and/or related discovery.

42.    **Commonality**. Common questions of fact and law exist as to all Class members and predominate over any questions that affect only individual Class members, including by example only and without limitation, the following:

     a.    whether TikTok collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

     b.    whether TikTok properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers or biometric information;

c.      whether TikTok obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers or biometric information;

d.      whether TikTok developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

e.      whether TikTok used Plaintiff's and the Class's biometric identifiers or biometric information to identify them;

f.      whether TikTok's violations of BIPA were committed intentionally, recklessly, or negligently; and

g.      the proper measure of statutory and punitive damages and the availability and appropriateness of declaratory and injunctive relief.

43.    **Typicality**. All of Plaintiff's claims are typical of the claims of the proposed Class they seek to represent in that: Plaintiff's claims arise from the same practice or course of conduct that forms the basis of the Class claims; Plaintiff's claims are based upon the same legal and remedial theories as the proposed Class and involve similar factual circumstances; there is no antagonism between the interests of Plaintiff and absent Class members; the injuries that Plaintiff suffered are similar to the injuries that Class members have suffered.

44.    **Adequacy**. Plaintiff will fairly and adequately represent the Class in that: (1) there is no conflict between Plaintiff's claims and those of other Class members; (2) Plaintiff has retained counsel who are skilled and experienced in class actions and who will vigorously prosecute this litigation; (3) Plaintiff's claims are typical of the claims of Class members.

45.    **Predominance.** The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

46. **Superiority**. The proposed class action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

47. Plaintiff's claims also meet the requirements of Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards for TikTok. Varying adjudications could establish incompatible standards with respect to: whether TikTok's ongoing conduct violates the claims alleged herein; and whether the injuries suffered by Class members are legally cognizable, among others. Prosecution of separate actions by individual Class members would also create a risk of individual adjudications that would be dispositive of the interests of other Class members not parties to the individual adjudications, or substantially impair or impede the ability of Class members to protect their interests.

## FIRST CAUSE OF ACTION
### VIOLATION OF 740 ILCS 14/1, *et seq.*
### (On behalf of Plaintiff and the Class)

48. Plaintiff incorporates prior substantive allegations as if fully set forth here.

49. BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b) (emphasis added).

50.   Defendants are corporations and thus qualify as a "private entities" under BIPA. *See* 740 ILCS 14/10.

51.   Plaintiff and Class members are individuals who had their "biometric identifiers," including scans of face geometry, collected, captured, received, or otherwise obtained by TikTok from videos that were uploaded to the TikTok App from within the state of Illinois. *See* 740 ILCS 14/10.

52.   Plaintiff and Class members are individuals who had their "biometric information" collected by TikTok through its collection and use of their "biometric identifiers."

53.   TikTok systematically and automatically collected, used, and stored Plaintiff's and Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

54.   In fact, TikTok failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being "collected or stored" on the TikTok App, nor did TikTok inform Plaintiff or Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information were being "collected, stored and used" as required by 740 ILCS 14/15(b)(1)-(2).

55.   In addition, TikTok does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or Class members, as required by BIPA.  *See* 740 ILCS 14/15(a).

56.   By collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, TikTok violated the rights of Plaintiff and each Class member to keep private these biometric identifiers and biometric information, as set forth in BIPA.

57.     Individually and on behalf of the proposed Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring TikTok to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (2) statutory damages of $5,000.00 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20 (2), or alternatively, statutory damages of $1,000.00 for each violation pursuant to 740 ILCS 14/20(1) if the Court finds that TikTok's violations were negligent; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, requests that the Court enter judgment against TikTok as follows:

A.     An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiff is a proper representative of the Class herein;

B.     Declaratory and injunctive relief, including an order preliminarily and permanently enjoining TikTok from engaging in the practices challenged herein;

C.     A declaration that TikTok's actions, as set out above, violate BIPA;

D.     Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each violation pursuant to 740 ILCS 14/20(1) if the Court finds that TikTok's violations were negligent;

E.     Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an order requiring TikTok to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

F.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

G.     Pre-judgment and post-judgment interest as provided by law; and

H.     Such other and further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated:  May 14, 2020

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Robert Ahdoot
*rahdoot@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
AHDOOT & WOLFSON, PC
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*